**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 1:10-CR-50** |
| | § | |
| **ROBERT ODELL BOOTHE** | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed February 7, 2014, alleging that the Defendant, Robert Odell Boothe, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on December 16, 2010, before the Honorable Ron Clark, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of felon in possession of a firearm, a Class C felony. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of V, was 46 to 57 months. The Defendant was sentenced to 30 months' imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include: participation in a program of testing and

treatment for substance abuse; participation in a program of treatment for mental health; and providing appropriate financial information for employment.

## II.  The Period of Supervision

On June 29, 2012, the Defendant completed his term of imprisonment and began service of the supervision term.  On September 3, 2013, the court modified his conditions of release to include up to 180 days in a community corrections component (halfway house) as opposed to revocation of supervised release due to violations.

## III.  The Petition

United States Probation filed the instant Petition for Warrant for Offender Under Supervision in this District on February 7, 2014, alleging the following violations: 1) in June 2013, the Defendant admitted to using cocaine and tested positive for cocaine in a urine specimen in violation of his condition that he refrain from using unlawful controlled substances; 2) in July, August, and September 2013, as well as January 2014, the Defendant again tested positive for cocaine in violation of his condition that he not use or possess controlled substances; 3) the Defendant failed to report to his treatment provider for drug abuse on two occasions in violation of his condition that he participate in such a program; 4) the Defendant failed to report his mental health treatment provider on two occasions in violation of his condition that he participate in such a program, and showed up on one occasion for assessment in an intoxicated state from cocaine use; and 5) the Defendant failed to successfully complete his term of community confinement at the halfway as required by his conditions of release.

## IV.  Proceedings

On March 12, 2014, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition.  The Defendant agreed to plead "true" to the allegation that he violated a special condition of supervised release, to wit: the Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of nine (9) months' imprisonment (which includes his two months of unserved community confinement) with twelve months of supervised release upon release from imprisonment.

## V.  Principles of Analysis

If the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision.  18 U.S.C. § 3583(e)(3).  The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by failing to complete psychiatric, psychological,

or mental health treatment, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. In the case of a revocation of supervised release based on a Grade C violation and a criminal history category of V, the guideline imprisonment range is 7 to 13 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. The Defendant served four months in community confinement and failed to complete up to two months before being evicted from the program on January 30, 2014. Therefore, those two months of unserved time are converted to an equivalent period of imprisonment and included in the Defendant's nine month sentence of imprisonment.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the Defendant is required to serve a term of imprisonment, the court may include a requirement that the Defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than three years.

U.S.S.G. § 7B1.3(g)(2) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The Defendant has agreed to serve twelve months of supervised release upon his release of imprisonment.

In determining the Defendant's sentence, the court shall consider:

1.  The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2.  The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.  Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking

supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see</u> <u>also</u> 28 U.S.C. § 924(A)(3);

4.      Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5.      The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by failing to complete psychiatric, psychological, or mental health treatment. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is V. Policy guidelines suggest 7 to 13 months' imprisonment. The Defendant did not comply with the conditions of his supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of nine months' imprisonment (which includes two months of unserved community confinement) with twelve months of supervised release to follow.

## VII.  Recommendations

1.     The court should find that the Defendant violated a special condition of supervised release by failing to complete psychiatric, psychological, or mental health treatment.

2.     The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3.     The Defendant should receive a sentence of nine months' imprisonment (which includes two months of unserved community confinement) with twelve months of supervised release to follow.

4.     The Defendant requested to serve his term of imprisonment at the Federal Correctional Complex (FCC) in Beaumont, Texas to facilitate family visits. The court should recommend this facility if deemed appropriate by the Bureau of Prisons.

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence.   Therefore, the court may act on the report and recommendation immediately.


SIGNED this 19th day of March, 2014.


_____
Zack Hawthorn
United States Magistrate Judge